## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE CONEY | : |
| and | : |
| DOROTHY CONEY, a minor, by and through her parent and natural guardian, RENEE CONEY | : |
| *Plaintiffs* | : CIVIL ACTION NO. |
| vs. | : |
| ANTHONY DONOVAN | : |
| and | : |
| TASTIE TREATS, INC. | : **ARBITRATION CASE** |
| *Defendants* | : |

### CIVIL ACTION COMPLAINT

**I.   PRELIMINARY STATEMENT**

1. This is a claim against the Defendants, Anthony Donovan and Tastie Treats, Inc. for various personal injuries suffered by the Plaintiffs, Renee Coney and Dorothy Coney, as a result of the negligent acts and/or omissions of the Defendants.

**II.   PARTIES**

2. Plaintiff, Renee Coney, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 6709 Lindbergh Boulevard, Philadelphia, PA 19142.

3. Plaintiff, Dorothy Coney, is a minor with a date of birth of May 25, 2002. At all times material and relevant herein, the minor Plaintiff was ten years of age and a citizen of the Commonwealth of Pennsylvania, residing therein at 6709 Lindbergh Boulevard, Philadelphia, PA 19142.

4. Defendant, Anthony Donovan, is an adult individual and citizen of the State of Delaware, residing therein at 1500 Clayton Road, Wilmington, DE 19885.

5. Defendant, Tastie Treats, Inc., is a business entity organized and existing under the laws of the State of Delaware, with corporate headquarters and a principal place of business located therein at 307 Mitchell Drive, Wilmington, DE 19808.

### III. JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the district.

### IV. STATEMENT OF CLAIMS

9. At all times pertinent hereto, Defendant, Tastie Treats, Inc., acted by and through its agents, servants, employees, workmen and/or other representatives, including Defendant Anthony Donovan, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

10. At all times material herein, Defendants, Tastie Treats, Inc. and Anthony Donovan, owned, leased, possessed, maintained, controlled and/or operated a certain Workhorse commercial motor vehicle, Delaware license plate #CL19132, which was involved in the motor vehicle accident hereinafter described.

11.     At the time of the motor vehicle accident described herein, Plaintiff, Renee Coney, was operating a certain 2004 Honda CRV motor vehicle, Pennsylvania license plate #HJE9135, eastbound on Main Street near its intersection with 4th Street in Darby, Pennsylvania.

12.     At the time of the motor vehicle accident described herein, minor Plaintiff Dorothy Coney was a passenger in the motor vehicle being operated by Plaintiff, Renee Coney.

13.     On or about November 9, 2012, Plaintiffs' vehicle was traveling eastbound on Main Street and was stopped in traffic when, suddenly and without warning, the Defendants' motor vehicle struck the rear of another vehicle, which caused a chain reaction collision and thereby caused this other vehicle to strike the rear of the Plaintiffs' vehicle with such force so as to cause Plaintiffs to sustain severe and permanent injuries as described more fully hereinafter.

14.     The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendants, and was due in no manner to any act or failure to act on the part of the Plaintiffs.

**COUNT I**
**RENEE CONEY v. ANTHONY DONOVAN**
**NEGLIGENCE**

15.     Plaintiff hereby incorporates by reference paragraphs one (1) through fourteen (14) of the within Complaint as though the same were fully set forth at length herein.

16.     The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Anthony Donovan, which consisted of the following:

    (a)     operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

    (b)     failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

    (c)     operating the aforesaid motor vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway, one of

    whom was the Plaintiff, Renee Coney, more specifically failing to recognize that traffic had stopped and bring his motor vehicle to a stop before causing a chain reaction collision that caused Plaintiff's vehicle to be struck;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway;

(g) operating a motor vehicle with disregard for the safety of persons upon the highway;

(h) failing to prevent his motor vehicle from striking another motor vehicle, which caused a chain reaction collision resulting in Plaintiff's vehicle being struck in the rear;

(i) otherwise failing to exercise due and proper care under the circumstances; and

(j) violating various ordinances and statutes pertaining to the operation of motor vehicles.

17. By reason of the aforesaid negligence of the Defendant, Plaintiff, Renee Coney, has suffered severe and permanent injuries including, but not limited to, cervical, thoracic, and lumbar sprain/strains, cervical intervertebral disc syndrome, brachial and cervical radiculitis, cervical spondylosis, and shallow central disc herniation at C4-C5 and C5-C6, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

18. As a further result of the motor vehicle accident described herein, Plaintiff, Renee Coney, has been or will be obliged to receive and undergo medical care and attention and

to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

19. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

20. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

21. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

22. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

23. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

24. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

25. Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and/or carelessness.

26. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Renee Coney, demands judgment in her favor and against Defendant, Anthony Donovan, in an amount not in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems just and proper.

## COUNT II
## DOROTHY CONEY, A MINOR, BY AND THROUGH HER PARENT AND NATURAL GUARDIAN, RENEE CONEY v. ANTHONY DONOVAN
## NEGLIGENCE

27. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-six (26) of the within Complaint as though the same were fully set forth at length herein.

28. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Anthony Donovan, which consisted of the following:

   (a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

   (b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

   (c) operating the aforesaid motor vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Dorothy Coney, more specifically failing to recognize that traffic had stopped and bring his motor vehicle to a stop before causing a chain reaction collision that caused Plaintiff's vehicle to be struck;

   (d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

   (e) failing to maintain a proper lookout upon the highway;

    (f)  failing to regard the point and position of other vehicles upon the highway;

    (g)  operating a motor vehicle with disregard for the safety of persons upon the highway;

    (h)  failing to prevent his motor vehicle from striking another motor vehicle, which caused a chain reaction collision resulting in Plaintiff's vehicle being struck in the rear;

    (i)  otherwise failing to exercise due and proper care under the circumstances; and

    (j)  violating various ordinances and statutes pertaining to the operation of motor vehicles.

  29.  By reason of the aforesaid negligence of the Defendant, Plaintiff, Renee Coney, has suffered severe and permanent injuries including, but not limited to, cervical and thoracic sprain/strain, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

  30.  As a further result of the motor vehicle accident described herein, Plaintiff, Dorothy Coney, has been or will be obliged to receive and undergo medical care and attention, and minor Plaintiff and her parent and natural guardian, Renee Coney, have been compelled to expend various sums of money and to incur various expenses for the injuries which she suffered, and they may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

  31.  As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

32.     As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

33.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

34.     As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

35.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

36.     As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

37.     Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and/or carelessness.

38.     At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Dorothy Coney, demands judgment in her favor and against Defendant, Anthony Donovan, in an amount not in excess of $150,000.00 together with costs of

suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems just and proper.

## COUNT III
## RENEE CONEY v. TASTIE TREATS, INC.
## NEGLIGENCE

39. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-eight (38) of the within Complaint as though the same were fully set forth at length herein.

40. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Tastie Treats, Inc., which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Renee Coney, more specifically failing to recognize that traffic had stopped and bring its motor vehicle to a stop before causing a chain reaction collision that caused Plaintiff's vehicle to be struck;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway;

(g) operating a motor vehicle with disregard for the safety of persons upon the highway;

(h) failing to prevent its motor vehicle from striking another motor vehicle, which caused a chain reaction collision resulting in Plaintiff's vehicle being struck in the rear;

(i) entrusting a motor vehicle to Defendant Anthony Donovan;

  (j)  failing to properly recognize prior accidents of its employees, such as Defendant Anthony Donovan;

  (k)  failing to properly hire employees qualified to drive commercial vehicles;

  (l)  failing to properly train, monitor and supervise its employees;

  (m)  failing to train employees on proper driving safety;

  (n)  otherwise failing to exercise due and proper care under the circumstances; and

  (o)  violating various ordinances and statutes pertaining to the operation of motor vehicles.

41. By reason of the aforesaid negligence of the Defendant, Plaintiff, Renee Coney, has suffered severe and permanent injuries including, but not limited to, cervical, thoracic, and lumbar sprain/strains, cervical intervertebral disc syndrome, brachial and cervical radiculitis, cervical spondylosis, and shallow central disc herniation at C4-C5 and C5-C6, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

42. As a further result of the motor vehicle accident described herein, Plaintiff, Renee Coney, has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

43. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

44. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

45. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

46. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

47. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

48. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

49. Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and/or carelessness.

50. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Renee Coney, demands judgment in her favor and against Defendant, Tastie Treats, Inc., in an amount not in excess of $150,000.00 together with costs of

suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems just and proper.

## COUNT IV
## DOROTHY CONEY, A MINOR, BY AND THROUGH HER PARENT AND NATURAL GUARDIAN, RENEE CONEY v. TASTIE TREATS, INC.
## NEGLIGENCE

51.  Plaintiff hereby incorporates by reference paragraphs one (1) through fifty (50) of the within Complaint as though the same were fully set forth at length herein.

52.  The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Tastie Treats, Inc., which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Dorothy Coney, more specifically failing to recognize that traffic had stopped and bring its motor vehicle to a stop before causing a chain reaction collision that caused Plaintiff's vehicle to be struck;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway;

(g) operating a motor vehicle with disregard for the safety of persons upon the highway;

(h) failing to prevent its motor vehicle from striking another motor vehicle, which caused a chain reaction collision resulting in Plaintiff's vehicle being struck in the rear;

        (i)        entrusting a motor vehicle to Defendant Anthony Donovan;

        (j)        failing to properly recognize prior accidents of its employees, such as Defendant Anthony Donovan;

        (k)        failing to properly hire employees qualified to drive commercial vehicles;

        (l)        failing to properly train, monitor and supervise its employees;

        (m)        failing to train employees on proper driving safety;

        (n)        otherwise failing to exercise due and proper care under the circumstances; and

        (o)        violating various ordinances and statutes pertaining to the operation of motor vehicles.

53.        By reason of the aforesaid negligence of the Defendant, Plaintiff, Renee Coney, has suffered severe and permanent injuries including, but not limited to, cervical and thoracic sprain/strain, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

54.        As a further result of the motor vehicle accident described herein, Plaintiff, Dorothy Coney, has been or will be obliged to receive and undergo medical care and attention, and minor Plaintiff and her parent and natural guardian, Renee Coney, have been compelled to expend various sums of money and to incur various expenses for the injuries which she suffered, and they may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

55.        As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

56. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

57. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

58. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

59. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

60. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

61. Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and/or carelessness.

62. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Dorothy Coney, demands judgment in her favor and against Defendant, Tastie Treats, Inc., in an amount not in excess of $150,000.00 together with costs of

suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems just and proper.

                Respectfully,

                **SWARTZ CULLETON PC**

BY:   /s/Brandon A. Swartz
         Brandon A. Swartz, Esquire
         Bryan M. Ferris, Esquire
         547 E. Washington Avenue
         Newtown, PA 18940
         T: (215) 550-6553
         F: (215) 550-6557

         Attorneys for Plaintiffs,
         Renee and Dorothy Coney

Date:  May 16, 2014